

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1802 | DATE | 10/7/2002 |
| CASE TITLE | New Process Steel, L.P. Vs. PH Group, Inc. Et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because there are no facts establishing personal jurisdiction over St. Lawrence, its motion to dismiss is granted. Status hearing set for October 17, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEW PROCESS STEEL, L.P., )
)
        Plaintiff, )
)
vs. ) No. 02 C 1802
)
PH GROUP INC. and ST. LAWRENCE )
HYDRAULICS, INC. f/k/a/ ST. LAWRENCE )
PRESS COMPANY, INC., )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff New Process Steel, L.P. (New Process) brought this action against defendants PH Group Inc. (PH) and St. Lawrence Hydraulics, Inc. (St. Lawrence) arising out of the sale and subsequent maintenance of an embossing door press. Six of the counts are against both defendants while three are against PH alone. Defendant St. Lawrence moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this court does not have personal jurisdiction and, alternatively, moved for summary judgment. For the following reasons, the motion to dismiss is granted.

BACKGROUND

On April 30, 1997, defendant PH entered into an agreement whereby it would purchase substantially all the assets of St. Lawrence Press Company, Inc. including all of the inventory, equipment, furniture, fixtures, intellectual property and goodwill (including the name "St. Lawrence Press Company, Inc."), and all other assets necessary to carry on St. Lawrence's business. St. Lawrence Press Company, Inc. changed its name to "St. Lawrence Hydraulics,

Inc." and retained certain assets, including work-in-progress and accounts receivable.

St. Lawrence does not have any offices or other business operations in the State of Illinois, nor does it have business relationships with individuals or businesses in Illinois. Since April 30, 1997, it has had no customers, and on July 15, 2000, it dissolved for failure to pay franchise fees.

On January 16, 1998, New Process entered into a contractual agreement with PH to purchase a door press to be used by plaintiff in the manufacture of steel doors and panels at its Worth, Illinois plant. New Process had previously purchased a door press from St. Lawrence Press Co. for use in its Houston, Texas plant. The press that New Process purchased was based on the design used by St. Lawrence Press Co. that was purchased by PH as part of the sale of assets. The name "St. Lawrence Press" appears on the letterhead of documents sent by PH to New Process during the negotiation process. New Process believed that it was purchasing a press from the same company that had sold them the press for the Texas plant.

Plaintiff began using the door press on August 6, 1998. Shortly thereafter, plaintiff noticed problems with the press and contracted PH to perform warranty repair as required by the contract. Despite efforts by PH, the door press has failed to consistently function since its installation in 1998.

## DISCUSSION

In deciding a Rule 12(b)(2) motion we must construe all facts relating to jurisdiction in favor of the non-movant. Allstate Motor Club, Inc. v. SHL Systemhouse, Inc., 1998 WL 575279, *1 (N.D.Ill. 1998). The party asserting jurisdiction has the burden of producing facts sufficient to establish personal jurisdiction. *Id.* at *2. Facts in the defendant's affidavits are

taken as true if not refuted by facts in the plaintiff's affidavits. *Id.* at *1.

We have jurisdiction over a party only if an Illinois state court would have such jurisdiction. Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc., 15 F.3d 721, 723-24 (7th Cir. 1994). The Illinois long-arm statute authorizes jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2-209(c). Due process requires that we determine whether defendant has such "minimum contacts" in Illinois that it could reasonably anticipate Illinois courts accepting jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985).

Plaintiff does not offer facts establishing that St. Lawrence has minimum contacts in Illinois that would subject it to personal jurisdiction. St. Lawrence has no offices or business facilities of any kind in Illinois, nor does it have any customers in Illinois.

New Process argues that St. Lawrence should be subject to personal jurisdiction because either it engaged in a "joint venture" with PH or it engaged in business through PH as its agent. New Process does not provide any facts other than its allegation as to how St. Lawrence and PH were engaged in a joint venture.

While a principal may become subject to personal jurisdiction through the actions of an agent, this agency relationship must be established by plaintiff's facts. Wisconsin Elec. Mfg. Co. v. Pennant Products, Inc., 619 F.2d 676, 677-78 (7th Cir. 1980). Plaintiff alleges that PH, acting as an agent, had apparent authority to enter into agreements on behalf of St. Lawrence as principal. For apparent authority to exist, the principal must take some action that gives a third party the reasonable impression that the agency relationship exists. Tri-Meats, Inc. v. NASL Corp., 2001 WL 292621, *5 (N.D.Ill. 2001). St. Lawrence's contractual

relationship with PH cannot give rise to apparent authority absent some conduct by St. Lawrence that allowed New Process to reasonably believe that PH was its agent.

Plaintiff's allegations boil down to the fact that it was confused about who it was dealing with. It had purchased a St. Lawrence press before, was happy with it, and hoped to purchase a second press of the same quality. Because PH had purchased the name from St. Lawrence Press Co., it was free to use the name "St. Lawrence Press" on its letterhead and in negotiations with PH. Nowhere does plaintiff allege that it actually communicated with anyone at St. Lawrence, only that it believed it was dealing with St. Lawrence through PH as an agent. Plaintiff's confusion about who it was dealing with cannot overcome the fact that it entered into an agreement with PH, not St. Lawrence. *See* Allstate, 1998 WL 575279 at *10.

## CONCLUSION

Because there are no facts establishing personal jurisdiction over St. Lawrence, its motion to dismiss is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 7, 2002.