

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1802 | DATE | 12/10/2002 |
| CASE TITLE | New Process Steel, L.P. Vs. PH Group, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiff's motion to amend or alter is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | DEC 10 2002 date docketed | | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC 10 PM 2:40 | date mailed notice | |
| WAH | courtroom deputy's initials | FILED-ED 10 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEW PROCESS STEEL, L.P.,)
)
Plaintiff,)
)
vs.) No. 02 C 1802
)
PH GROUP, INC. and ST. LAWRENCE)
HYDRAULICS, INC. f/k/a/ ST. LAWRENCE)
PRESS COMPANY, INC.,)
)
Defendants.)

## MEMORANDUM OPINION AND ORDER

Plaintiff New Process Steel, L.P. (New Process) brought this suit against defendants PH Group Inc. (PH) and St. Lawrence Hydraulics (St. Lawrence) arising out of the sale and subsequent maintenance of an embossing door press. This court granted St. Lawrence's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff now files a motion to alter or amend that order. For the following reasons, plaintiff's motion is denied.

## BACKGROUND

On April 30, 1997, defendant PH entered into an agreement whereby it would purchase substantially all the assets of St. Lawrence Press Company, Inc., including all of the inventory, equipment, furniture, fixtures, intellectual property and goodwill (including the name "St. Lawrence Press Company, Inc."), and all other assets necessary to carry on St. Lawrence's business. St. Lawrence Press Company, Inc. changed its name to St. Lawrence Hydraulics, Inc. and retained certain assets, including work-in-progress and accounts receivable.

Additionally, PH continues to pay St. Lawrence for its designs, based on its sales levels.

On January 16, 1998, New Process entered into a contractual agreement with PH to purchase a door press to be used by plaintiff in the manufacturing of steel doors and panels at their Worth, Illinois, plant. New Process had previously purchased a door press from St. Lawrence Press Co. for use in its Houston, Texas, plant. The press that New Process purchased was based on a design used by St. Lawrence Press Co. that was purchased by PH as part of the sale of assets. The name "St. Lawrence Press" appears on the letterheads of documents that were sent by PH to New Process during the negotiation process. New Process believed that it was purchasing a press from the same company that had sold them the press for the Texas plant.

Plaintiff began using the door press on August 6, 1998. Shortly thereafter, plaintiff noticed problems with the press and contracted PH to perform warranty repair as required by the contract. Despite efforts by PH, the door press has allegedly failed to function properly since its installation in 1998.

## DISCUSSION

On October 7, 2002, this court granted defendant St. Lawrence's motion to dismiss for lack of personal jurisdiction. Plaintiff asks us to amend or alter that order, arguing that it sufficiently established minimum contacts for jurisdiction.

A motion for reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments. In re Oil Spill by "Amoco Cadiz" Off Coast of France on

March 16, 1978, 794 F.Supp. 261, 267 (N.D.Ill. 1992) *aff'd* 4 F.3d 997 (7th Cir. 1993). Plaintiff neither offers any new evidence nor presents new arguments, and instead argues that the court misunderstood its earlier arguments. We disagree.

New Process first argues that the court has jurisdiction over St. Lawrence because PH had apparent authority to act as an agent on St. Lawrence's behalf. As stated in our earlier opinion, apparent authority can be created only when the actions or words of a principal give a third party the reasonable impression that an agent has the authority to act on its behalf. *See* Opp v. Wheaton Van Lines, Inc., 231 F.3d 1060, 1065 (7th Cir. 2000). Any agency relationship must be based on the conduct of St. Lawrence, not PH or New Process.

Plaintiff argues that St. Lawrence made no efforts to contact New Process after the asset purchase and that St. Lawrence tendered its letterhead and name to PH group following the asset sale. Neither of these alleged activities by St. Lawrence could give rise to an agency relationship because they do not involve any conduct on the part of St. Lawrence directed at New Process. Absent any agency relationship, the actions of PH could not give rise to personal jurisdiction over St. Lawrence. *See* Wisconsin Elec. Mfg. Co. v. Pennant Products, Inc., 619 F.2d 676, 677-78 (7th Cir. 1980).

Plaintiff relies on Avesta Sheffield, Inc. v. Olympic Continental Resources, L.L.C., 2000 WL 198462 (N.D.Ill. 2000), to stand for the proposition that St. Lawrence had a duty to notify New Process that PH was not authorized to act on its behalf. In Avesta, the principal had been authorized to act for the agent for a substantial period of time. After the agency relationship was terminated, the agent failed to notify customers of the termination, resulting in the court's determination that the agent could still bind the principal. In this case, however, plaintiff

cannot show that an agency relationship ever existed and there was, therefore, no duty to notify that it had been terminated. St. Lawrence does not have the responsibility to monitor PH's activities and notify any potential customers that PH is not acting on its behalf. Following the asset purchase, PH is free to use St. Lawrence's old name and logo without affecting St. Lawrence.

Plaintiff finally argues that St. Lawrence had minimum contacts in Illinois because it received proceeds from the sale of the door press at issue, which was sold in Illinois. St. Lawrence's contract, however, was with PH, to receive a share of the profits from its design of the door press. In no way did St. Lawrence deal with anyone or sell its products in Illinois. A party is not subject to jurisdiction in Illinois simply because they have a business relationship with another party that happens to sell its products in Illinois.

We repeat what we stated in our earlier opinion, that New Process was simply confused as to who was selling the door press. This confusion, unless caused by St. Lawrence, does not give rise to personal jurisdiction over a party with no contacts in Illinois.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend or alter is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 10, 2002.