

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1802 | DATE | 3/6/2003 |
| CASE TITLE | New Process Steel, L.P. Vs. PH Group, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for determination under Rule 54(b) is denied. Defendant St. Lawrence Hydraulics, Inc.'s motion for sanctions under Rule 11 is denied. Status hearing set for March 25, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 07 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 MAR -6 PM 2:42 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 07 2003

NEW PROCESS STEEL, L.P., )
　)
　　　　Plaintiff, )
　)
vs. ) No. 02 C 1802
　)
PH GROUP, INC. and ST. LAWRENCE )
HYDRAULICS, INC., f/k/a ST. LAWRENCE )
PRESS COMPANY, INC., )
　)
　　　　Defendants. )

## MEMORANDUM OPINION AND ORDER

On October 7, 2002, we granted defendant St. Lawrence Hydraulics, Inc.'s (SLH) motion to dismiss on the ground that this court lacked personal jurisdiction. Within ten days plaintiff moved to alter or amend that order, ostensibly as a motion under Federal Rule of Civil Procedure 59(e), although there was no judgment at the time. We treated it as a motion for reconsideration and, on December 10, 2002, we denied it, concluding that plaintiff was merely rehashing old arguments.

On February 3, 2003, almost four months after the dismissal order and almost two months after the denial of the motion for reconsideration, plaintiff moved for entry of final judgment pursuant to Fed.R.Civ.P. 54. SLH opposes that motion, and on February 18, 2003, some four months after the ostensible Rule 59(e) motion was filed and more than two months after it was denied SLH filed a motion for sanctions, contending that the Rule 59(e) motion offended Fed.R.Civ.P. 11. Each objects to the other's motion, claiming, among other things, that the other's motion was untimely. We deny both motions.

Some context is appropriate. SLH is a dissolved corporation and it is out of business. It claims it is being harassed by a suit in pursuit of an uncollectible judgment. Plaintiff does not dispute that the collection of any judgment is unlikely but dismisses that as a separate matter. And, it also is readily apparent that SLH's sanctions motion was prompted by the continuing efforts of plaintiff to pursue the litigation by its Rule 54 motion.

The motion for a Rule 54 final judgment and certification is clearly untimely. Schaefer v. First National Bank, 465 F.2d 234, 236 (7th Cir. 1972). The extreme hardship posited by plaintiff is that it will not be able to pursue its claim expeditiously unless it can prosecute and win an appeal. By that we understand that plaintiff means that any delay in obtaining a judgment against SLH will reduce its chance of recovery from slim to none. That plaintiff wants to beat an at-best moribund horse now rather than later is hardly the extreme hardship which authorizes this court to inflict an untimely piecemeal appeal on the Court of Appeals.

The sanctions motion comes late as well, although that does not necessarily condemn it. We think, though, that it is primarily an advocate's response to the continuing efforts of the plaintiff, and those efforts have now, for some appreciable time, been brought to a halt. Even if we granted the motion we would have to have another round to determine the sanction – an expenditure of legal effort that may well approach the time devoted to the Rule 59(e) issue. We think that, in the circumstances, to be unwarranted.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 6, 2003.